FILED

2012 JUL 10 PM 1:48

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAROL HUGHES, f/k/a,
CAROL SCHUTTIG,

    Plaintiff,

vs.

Case No.

UNIVERSAL CLEANING SOLUTIONS, INC.,
CLIFFORD MACMORRIS, and
GEORGINE SCHANNON,

2:12-cv-371-FtM-29SPC

    Defendants.

_____/

## COMPLAINT

Plaintiff, CAROL HUGHES sues Defendants, UNIVERSAL CLEANING SOLUTIONS, INC., CLIFFORD MACMORRIS, and GEORGINE SCHANNON and says:

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, seeking compensatory damages, punitive damages, costs of litigation and reasonable attorney's fees, against the Defendants.

### JURISDICTION

1.    The court has original jurisdiction over the lawsuit because the action arises under the Title VII of the Civil Rights Act of 1964, as amended, and pursuant to Title 28 U.S.C., §§1331 and 1343. The court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims for violation of the Florida Civil Rights Act (§760.10 et seq., Fla. Stat.), ("FCRA"), because they are so related to the claims within the court's original

jurisdiction that it forms part of the same case or controversy under Article 3 of the United States Constitution.

## VENUE

2. The acts and conduct of which Plaintiff complains were committed within Lee and Collier County, Florida, and venue is proper in this district pursuant to 28 U.S.C. Section 1391(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff timely filed her Charge of Discrimination with the U.S. Equal Opportunity Commission, (EEOC) against Defendants.

4. Plaintiff received a notice of right to sue from the EEOC within ninety (90) days of the filing of this her original Complaint.

## PARTIES

5. Plaintiff is a citizen of the United States of America and seeks recovery of in excess of $75,000.00 in damages against Defendants as is more specifically pled below.

6. Plaintiff is a resident of Florida and at all times material hereto was an employee of Defendant, UNIVERSAL CLEANING SOLUTIONS, INC. (hereafter UCS).

7. Defendant UCS is an employer within the meaning of Title VII, acting by and through its agents and employees, CLIFFORD MACMORRIS, and GEORGINE SCHANNON who were both of sufficiently high rank to fall within the class of

individuals who may be treated as Defendant UCS's proxy and/or alter ego for purposes of liability under Title VII.

8. Defendant, CLIFFORD MACMORRIS (hereafter MACMORRIS), was employed by UCS at all times material hereto.

9. Defendant, GEORGINE SCHANNON (hereafter SCHANNON), was employed by UCS at all times material hereto.

10. The wrongful acts and conduct alleged herein all occurred within the scope and time frames of such employment.

11. On or about February 6, 2009 an employee of UCS made several inappropriate sexual comments to Plaintiff and touched her in a sexually offensive manner.

## COUNT I
(Defendant UCS - Title VII)

12. The allegations of paragraphs 1 through 11 are realleged herein.

13. At all times material hereto, Defendants, MACMORRIS and SCHANNON, were acting as the employees of UCS.

14. On or about February 7, 2009 Plaintiff complained about the inappropriate conduct of her fellow employee to a co-worker and her manager.

15. Defendant UCS conducted a shallow and meaningless inquiry into Plaintiff's complaint.

16. In retaliation for Plaintiff's making of the complaint, Defendants terminated Plaintiff's employment under the ruse that there was no work available for her.

17. Further, Defendants subsequently offered Plaintiff a work opportunity that Defendants knew Plaintiff could not perform because of her child care needs.

18. As a direct and proximate result, Plaintiff has been damaged, including but not limited to loss of income, and has suffered severe emotional and mental distress, embarrassment and humiliation, and loss of enjoyment of life.

19. Plaintiff is entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

WHEREFORE Plaintiff demands judgment against Defendant UCS for damages, both compensatory and punitive, together with interest, costs of the action and TRIAL BY JURY.

### COUNT II
(Defendant UCS - FCRA)

20. Plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

21. Plaintiff is a female employee protected under the Florida Civil Rights Act (FCRA).

22. Defendant UCS is an employer within the meaning of the FCRA, and Defendants, MACMORRIS and SCHANNON, were of sufficiently high rank to fall within the class of individuals who may be treated as Defendant UCS's proxy and/or alter ego for purposes of liability under the FCRA.

23. Plaintiff was subjected to unlawful retaliation as alleged above.

24. As a direct and proximate result of Defendant UCS's conduct, Plaintiff suffered damage, including but not limited to loss of income, severe emotional and mental distress, embarrassment and humiliation, and loss of enjoyment of life.

25. Plaintiff is entitled to an award of attorney's fees and costs under the FCRA.

WHEREFORE Plaintiff demands judgment against Defendant UCS for damages, both compensatory and punitive, together with interest, costs of the action and TRIAL BY JURY.

## COUNT III
(Defendant MACMORRIS - Title VII)

26. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

27. As a direct and proximate result of Defendant MACMORRIS' conduct, Plaintiff suffered damages, including but not limited to lost income, severe emotional and mental distress, embarrassment and humiliation, and loss of enjoyment of life.

28. Plaintiff is entitled to an award of attorney's fees and costs.

WHEREFORE Plaintiff demands judgment against Defendant MACMORRIS for damages, both compensatory and punitive, together with interest, costs of the action and TRIAL BY JURY.

## COUNT IV
(Defendant SCHANNON - Title VII)

29. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

30. As a direct and proximate result of Defendant SCHANNON's conduct, Plaintiff suffered damages, including but not limited to lost income, severe emotional and mental distress, embarrassment and humiliation, and loss of enjoyment of life.

31. Plaintiff is entitled to an award of attorney's fees and costs.

WHEREFORE Plaintiff demands judgment against Defendant SCHANNON for damages, both compensatory and punitive, together with interest, costs of the action and TRIAL BY JURY.

## COUNT V
### (Defendant MACMORRIS - FICRA)

32. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

33. As a direct and proximate result of Defendant MACMORRIS' conduct, Plaintiff suffered damages, including but not limited to loss of income, severe emotional and mental distress, embarrassment and humiliation, and loss of enjoyment of life.

34. Plaintiff is entitled to an award of attorney's fees and costs under the FCRA.

WHEREFORE Plaintiff demands judgment against Defendant MACMORRIS for damages, both compensatory and punitive, together with interest, costs of the action and TRIAL BY JURY.

## COUNT VI
### (Defendant SCHANNON - FICRA)

35. Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

36. As a direct and proximate result of Defendant SCHANNON's conduct, Plaintiff suffered damages, including but not limited to loss of income, severe emotional and mental distress, embarrassment and humiliation, and loss of enjoyment of life.

37. Plaintiff is entitled to an award of attorney's fees and costs under the FCRA.

WHEREFORE Plaintiff demands judgment against Defendant SCHANNON for damages, both compensatory and punitive, together with interest, costs of the action and TRIAL BY JURY.

Filed this 10th day of July, 2012.

By: _____
MICHAEL R.N. McDONNELL
Florida Bar No. 0124032

McDONNELL TRIAL LAW
5150 Tamiami Trail North
Suite 501, Newgate Tower
Naples, Florida 34103
(239) 434-7711 telephone
(877) 613-7485 facsimile
Attorney for Plaintiff